UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-439-H

NEAL HARDING                                                                                          PLAINTIFF

V.

APARTMENT INVESTMENT AND MANAGEMENT CO., et al                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Neal Harding ("Harding") filed this action in Kentucky state court seeking a declaration of rights, repayment of loaned funds, compensatory damages, punitive damages, and attorneys' fees for claims of unjust enrichment, equitable estoppel, fraud in the inducement, fraud with respect to additional payments, and breach of fiduciary duties arising out of multiple business relationships. Defendants removed to this court based on diversity jurisdiction, moved to dismiss Apartment Investment and Management Company ("AIMCO"), and moved for the court to abstain from deciding this case because of another proceeding between the parties in California state court. Plaintiff has moved for default judgment and responded to Defendants' motions.

This is not a case which fits neatly into one category. Nor is it a case in which the result is beyond serious debate. Nevertheless, after reviewing the memoranda and discussing the case at length with counsel, the Court will stay the proceedings pending the resolution of the California litigation, deny the motion to dismiss Apartment Investment and Management Company, and deny Plaintiff's motion for default judgment.

I.

Harding's claims stem from formation of Partnership 18, L.P., a partnership that included National Corporate Tax Credit Fund, XI, National Corporate Tax Credit, Inc XI, and Harding. AIMCO owned national Corporate Tax Credit Fund XI at that time. Partnership 18, L.P. was created to develop Centreville Apartments, a complex eligible for low income housing tax credits. Defendants had planned to invest approximately $400,000 in the Centreville apartments, but the project was in need of funds earlier than expected. To meet this need, Defendants agreed to loan the project the $400,000 with Harding as guarantor. Harding claims the loan was really an accelerated capital contribution that would convert to equity upon certain conditions. Once these same conditions had been met, Harding's obligations as guarantor would be extinguished.

Harding believes that his obligation under the Partnership 18 agreement had been extinguished and feels Defendants represented as much to him. Harding claims to have entered other, unspecified business ventures in reliance on Defendants' representations that he was no longer a guarantor on the Partnership 18 loan. Plaintiff claims injury from Defendants' misrepresentations that lured him into these other business ventures.

National Corporate Tax Credit Funds XI and National Corporate Tax Credit, Inc. XI ("California Plaintiffs") are two of several plaintiffs that initiated an action in California state court against numerous defendants, among which are Partnership 18 and Harding. The California Plaintiffs assert the following claims: breach of contract, breach of fiduciary duty, negligence, unjust enrichment, accounting, unfair business practices, declaratory judgment for specific performance, declaratory relief, constructive trust, waste, and nuisance. Specifically against Harding, the California Plaintiffs raise these claims with regards to numerous

partnerships formed to develop low-income housing, including Partnership 18. The partnerships with Harding at issue in the California litigation both pre- and post-date Partnership 18.

The California Plaintiffs filed their action on April 2, 2010. Harding initiated this action on May 28, 2010, stating in his complaint that the dispute was ripe because Defendants had threatened litigation in another forum. Harding disputed personal jurisdiction in the California action; the trial court found jurisdiction and Harding is currently appealing this ruling to the California Supreme Court. Only minimal discovery has been completed in the California action.

II

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). However, federal courts have some discretion to stay or dismiss a case when there are parallel state proceedings. *See Romine v. Compuserve Corp.,* 160 F.3d 337, 339 (6th Cir. 1998) and *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942). A parallel proceeding does not have to be identical, but it must be "substantially similar." *Romine,* 160 F.3d at 340 (quoting *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989)). Since Harding believes that California courts have no personal jurisdiction over him, he reasons that the California proceeding is not parallel. Because the California trial court found personal jurisdiction over Harding, this Court will analyze the motion to abstain with the assumption that Harding is properly before the California court.

A.

The California proceeding is different from this matter in several ways: it has more plaintiffs and defendants than ours, though AIMCO is not a party in the California action. The

3

claims are slightly different in each proceeding, with the California plaintiffs naming a broader range of legal claims and remedies. At their heart, both actions focus on the rights, duties and obligations of the parties to various low income housing development partnerships.

The Sixth Circuit has stated that "the argument that abstention is inapprorpiate because the federal cause of action included parties not present in the state proceedings 'is not relevant to *Colorado River* abstention." *Romine,* 160 F.3d at 340 (quoting *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990)). As in this circumstance, plaintiffs in one of the parallel proceedings are frequently among the defendants in the other proceeding; in fact, the Supreme Court contemplated this switching of roles when it suggested there was some merit in considering "the vexatious or reactive nature of either the federal or the state litigation." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 17 n. 20 (1983).

In *Romine v. Compuserve Corp.*, the Sixth Circuit found parallel proceedings when the claims in the two actions were different, though "the state action [was] actually more comprehensive than the consolidated federal cases." 160 F.3d at 340. "The fact that the state action is broader than the federal is no bar to *Colorado River* abstention, because this fact can only make it more likely that it will not be necessary for the federal courts to determine the" issues before it. *Bates v. Van Buren Twp,* 122 Fed. App'x 803, 807 (6th Cir. 2004).

Here, the California proceeding explores the rights and obligations of Harding, National Corporate Tax Credit Fund XI and National Corporate Tax Credit, Inc. XI with respect to numerous partnerships that developed low income housing. This federal action focuses on (though not exclusively) Partnership 18, and deals only with contract or pseudo contract and breach of fiduciary duty claims. The California action addresses additional partnerships in

which Harding was involved, includes negligence, waste and nuisance claims and seeks different, additional remedies. Resolution of the state proceeding may very well dispose of the claims in this federal action. The cases are parallel.

B.

The Court next looks to certain factors to determine if the presence of the parallel state proceeding warrants a stay or dismissal of the federal action. Under the Declaratory Judgment Act, the Supreme Court has decided that district courts have discretion to stay or dismiss a suit based on factors outlined in *Brillhart*. 316 U.S. 491. When a plaintiff seeks injunctive or other relief, district courts should turn to the *Colorado River* factors when deciding rather to stay or dismiss a case; these factors provide for less discretion than the *Brillhart* factors and favor exercising federal jurisdiction. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 283 (1995).

Harding seeks declaratory relief along with other claims. The parties dispute whether *Colorado River* or *Brillhart* should apply to a case with mixed claims. Circuit courts also disagree on which standard should be applied when a plaintiff seeks both a declaratory judgment and injunctive or other relief.[1] The Sixth Circuit has never spoken directly on the issue. In one case, the Sixth Circuit turned to a non-declaratory judgment abstention analysis in a case with declaratory and other claims when "[t]he claims . . . for which declaratory relief [was] requested and those for which injunctive relief [was] requested are so closely intertwined that judicial

---

[1]The Ninth Circuit applies the *Colorado River* standard when "the coercive claims can exist independently of the requests for declaratory relief." 17A James Wm. Moore et al., Moore's Federal Practice ¶ 122.06[4][a.2] (3d 2010). Several courts within the Third, Seventh and Eleventh Circuits "look[] to the 'heart of the action' to determine whether the outcome of the coercive claims hinge on the outcome of the declaratory claim," and if so, apply the *Brillhart* standard. *Id*. Similarly, the Eighth Circuit has decided that when "the action is in essence one for a declaratory judgment," the district court should use the *Brillhart* analysis. *Id*. The Fourth Circuit applies *Brillhart* whenever there is a claim for declaratory relief while the Fifth Circuit applies the *Colorado River* standard whenever there are claims for non-declaratory relief. *Id*.

5

economy counsels against dismissing the claims for declaratory judgment relief while adjudicating the claims for injunctive relief." *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n,* 481 F.3d 414, 422 (6th Cir. 2007) (applying a *Buford* non-Declaratory Judgment abstention analysis rather than *Colorado River* abstention analysis).

Here, Harding seeks a declaration that his obligations as guarantor have been fulfilled. Though it is difficult to tell from the pleadings, at least some of Harding's claims are closely related to this declaration. On the other hand, some of Harding's claims arguably relate to Defendant's representations about his obligations as guarantor; the resolution of these claims may not depend on the status of Harding's actual legal obligations under the loan contract but rather solely on the representations of Defendants with respect to Harding's obligations. Since Harding's declaratory relief is intertwined with at least some of his other claims, this Court will follow the Sixth Circuit example in *Adrian* and proceed with a non declaratory-judgment abstention analysis for all claims, though applying the *Colorado River* factors rather than *Buford* as in Adrian.

III.

The Sixth Circuit has utilized the following eight factors when performing a *Colorado River* analysis: "(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . .(4) the order in which jurisdiction was obtained . . .(5)whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." *Romine,* 160 F.3d at 340-41 (internal citations omitted). "These

factors, however, do not comprise a mechanical checklist." *Id.* at 341. Instead, the factors should be considered within the context of the facts of the case at hand. *Id*. The defendant has the burden to show abstention is required, *Starr v. Hill,* No. 10-2070-STA, 2010 WL 2521378, at *9 (W.D. Tenn. June 16, 2010); a district court needs the "clearest of justifications" to surrender jurisdiction. *Colorado River,* 424 U.S. at 819. Abstention is only appropriate in the face of "exceptional circumstances." *Id*. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-189 (1959)). The Court will consider each factor.

A.

The first two factors weigh marginally against abstention. The state court has not "assumed jurisdiction over any res or property;" "this factor thus weighs against abstention." *Romine,* 160 F.3d at 341. The second factor, the convenience of the federal forum, "relates to geographical considerations, not to the relative jurisdictional scope of the state versus federal courts." *Painewebber, Inc. v. Cohen,* 276 F.3d 197, 207 (6th Cir 2001). If neither forum is more convenient, then this factor weighs against abstention. *Romine,* 160 F.3d at 341. In addition to the location of the parties, a district court can consider the location of evidence and witnesses. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 15 (1st Cir 1990). Harding does business in Kentucky. National Corporate Tax Credit Fund XI and National Corporate Tax Credit, Inc. XI are both California entities with principal places of business in Colorado. AIMCO is a Maryland corporation with its principal place of business in Colorado. None of the partnerships at issue developed property in Kentucky or California; however, some of the properties are located within the Sixth Circuit while none are within the Ninth Circuit. This forum is more convenient for Harding and possibly for some others.

7

B.

The potential for avoidance of piecemeal litigation is often the most important factor in the *Colorado River* analysis. *See Moses,* 460 U.S. at 16. The Sixth Circuit in *Romine* recognized this factor as "paramount." 160 F.3d at 341 (quoting *Moses,* 460 U.S. at 19). "'Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results.'"*Romine,* 160 F.3d at 341. Some district courts have found possible conflicting results in the state and federal proceedings to weigh "heavily in favor of abstention." *See, e.g., Brandenburg Tel. Co. v. Sprint Commc'n Co., L.P.,* No. 3:09-CV-00109, 2010 WL 1416696, at *11 (W.D.Ky. April 1, 2010). Similarly, "duplicative efforts and expense" have been found to weigh in favor of abstention. *Brake Parts, Inc. v. Lewis,* Nos. 09-132-KSF, 10-212-KSF, 2010 WL 3470198, at *4 (E.D.Ky Aug. 31, 2010).

This Court is persuaded that, even if parallel proceedings do not concern rights to the same property, the risks of piecemeal litigation are still relevant. Inconsistent results arising from piecemeal litigation is problematic for the parties, lessens public confidence in the judiciary, and can waste limited judicial resources. Given that the California proceeding and this proceeding could result in conflicting decisions and would likely duplicate judicial effort, the Court finds that this factor weighs in favor of abstention.

C.

Under factor four, the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses,* 460 U.S. at 21. Hence, this factor is similar

to factor seven, the relative progress of the state and federal proceedings, and the Court will analyze these factors together. The Sixth Circuit has focused its analysis on the progress of the two proceedings. *Bates,* 122 Fed. App'x at 807. This case is in its initial stages, with only a complaint and these pending motions before the Court. In California, Harding has contested personal jurisdiction, the trial court has found jurisdiction and Harding has appealed this determination. Some, though minimal, discovery has been completed in California. Contesting jurisdiction and initiation of discovery are both particularly relevant for the analyses of factors four and seven. Thus, the state court proceeding can be considered to have progressed slightly further than this action, thus weighing in favor of abstention.

### D.

Because this action revolves around contract issues, state law applies. "[T]he presence of state law issues weighs in favor of surrender only in 'rare circumstances,'" such as when the state law is complex. *Villa Marina,* 915 F.2d at 15. There is no reason to believe that any of the claims in this case would be particularly novel or complex. However, if this action, like the California action, involves multiple contracts between the parties and these contracts have choice of law clauses, it is possible that this Court and the California court would have to apply the law of multiple states. While at least one court has felt that there is no reason a federal court would be any better at applying another state's laws than a state court, *Pritchard v. Dent Wizard Int'l Corp.,* 275 F.Supp.2d 903, 912 (S.D. Ohio 2003), it could also be argued that federal courts regularly apply the law of other states. This factor is neutral.

### E.

The sixth factor looks to whether California courts can protect Harding's rights. This

factor concerns whether the state court can obtain personal jurisdiction over all of the important parties, hear all of the federal plaintiff's claims, and provide all of the requested relief. *Moses,* 460 U.S. at 26-27; *Heitmanis,* 899 F.2d 521, 528 (6th Cir. 1990). Here, since the California court has found personal jurisdiction over Harding, there is no reason to believe a California court cannot protect Harding's rights. *See Elmendorf Grafica, Inc. v. D.S. Am. (East), Inc.,* 48 F.3d 46, 52-53 (1st Cir. 1995). Harding argues that AIMCO is not a party to the California action but is integral to him obtaining full relief. However, Harding could attempt to bring AIMCO into the California action as a third party defendant.

This Court sees no reason that all of Harding's claims could not be brought as counterclaims in the California action. Furthermore, Harding is not requesting any relief or remedy which a California state court could not provide. *Moses,* 460 U.S. at 26-27. Because a California state court can protect Harding's rights, this factor weighs in favor of abstention.

Factor eight is concurrent jurisdiction. At this point, the California trial court has found that it has personal jurisdiction over Harding. Unless the California Supreme Court overrules this finding, the presence of concurrent jurisdiction marginally favors abstention. *Painewebber,* 276 F.3d at 208.

F.

This is a close case because no one factor is both overwhelmingly important and overwhelming conclusive as to abstention. However, based upon the foregoing analysis, this Court finds that the Colorado River factors do demonstrate the sort of exceptional circumstances under which a stay is appropriate. Though not all of the factors point towards abstention, the most relevant factors do point towards abstention, with only two factors of less importance

clearly favoring the exercise of jurisdiction. As required by the Sixth Circuit in *Bates*, this Court will issue a stay, rather than dismiss this action. 122 Fed. Appx. at 809.

IV.

Defendants have filed a motion to dismiss parent company AIMCO under Federal Rule of Civil Procedure 12(b)(6). In order to survive a motion to dismiss, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-1950 (2009)). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Id.* (citing *Hensley Mfg. v. Propride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007))).

Harding's claims against AIMCO are based on AIMCO's status as a parent corporation of Defendant National Corporate Tax Credit Fund XI, and, therefore, Harding must pierce the corporate veil to hold AIMCO liable. The Court finds that the pleadings are sufficient to deny Defendant's motion to dismiss.

Harding has filed a motion for default judgment under Federal Rule of Civil Procedure 55 because Defendants have not filed an answer or rule 12 motion within the prescribed time periods. Harding provided notice to Defendants of his intent to file this motion and a chance to remedy the situation by filing an answer. Instead of an answer, Defendants have filed the motions discussed above. None of the circumstances suggest that default judgment is appropriate at this time. If plaintiff feels prejudiced by Defendants lack of an answer to the

complaint, there are other, less drastic measures Harding can pursue. The motion for default judgment will be denied.

For the reasons stated, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Apartment Investment and Management Company's motion to be dismissed from this action is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to stay is SUSTAINED.

cc: Counsel of Record